## Stephen F. Page and Another v. Orson L. and Martha Kendrick.

A conveyance valid when made cannot be invalidated by subsequent acts of the grantor, nor by the creation of subsequent debts.

Bill in aid of an execution, asking to have a conveyance made by the judgment debtor, before the indebtedness to complainant accrued, set aside on the ground that it was made with intend to defraud creditors. The bill alleged the grantor to have been considerably indebted at the time of the conveyance. The answer denied that he was indebted beyond $300, and averred that he retained sufficient property to pay all his debts. No proofs having been taken on this issue, the bill was dismissed.

The alleged fraudulent conveyance was by a man to his intended wife, whom he soon after married, and was averred in the answer to have been made to provide her a home. It was *held* that the continued occupation of the land after the marriage by the husband, the neglect for some years to record the deed, and the mortgaging of the land by husband and wife for the husband's benefit, did not raise a presumption of a fraudulent intent in making the conveyance.

*Heard January 8th. Decided June 6th.*

Appeal in Chancery from Ionia Circuit.

The bill was filed in aid of an execution against Orson S. Kendrick. It set forth, that said Orson became indebted to complainants in May, 1857; that in September, 1857, they recovered judgment against him on this indebtedness, in the Circuit Court for Ionia county, and caused execution on their judgment to be levied upon certain lands in said county.

The bill then alleges that said Orson was owner of these lands, December 14th, 1853, on which day he conveyed them to Martha Dodge, then his intended wife, whom he married in two or three days thereafter; that said Orson was then largely indebted to different persons, and that the deed to said Martha was without consideration, and for the sole and express purpose of defrauding

the creditors of said Orson; that the deed was not recorded until after complainants brought suit on their demand; that said Orson has always occupied and enjoyed said premises, and has twice since giving the deed mortgaged them for his own benefit, his wife joining in the mortgages. And the bill prays that the deed be declared fraudulent, and the land subjected to the payment of complainants' judgment.

The defendants answered, denying that said Orson was largely indebted at the date of the deed; averring that the deed was made for the purpose of providing said Martha a home when the contemplated marriage should take place, the title of which should be in her, and subject to her control; and that said Orson at the time possessed abundance of other property to satisfy the claims existing against him, which did not in all exceed three hundred dollars. They admitted the allegations in the bill respecting the occupation and mortgaging of the premises, but denied all intent to defraud.

Replication was filed to this answer, but no testimony was taken.

The Circuit Court made decree as prayed by the bill, and defendants appealed.

*Bell & Soule* for complainants.

*D. W. Jackson* for defendants.

MARTIN CH. J.:

If a conveyance be valid when made, it can not be invalidated by subsequent acts of the grantor, nor by the creation of subsequent debts. Was the deed from Kendrick to Martha Dodge valid? They were contemplating marriage, and the conveyance is alleged in the answer—and there are no proofs in the case—to have been made in contemplation of marriage, and to secure her a homestead.

Unless done for the purpose of defrauding creditors, Kendrick had a clear right to make this disposal of the land in question, or any other disposal which might be agreeable to him.

I do not see that any rights of creditors were affected by this conveyance. The bill does not aver this to have been all of Kendrick's property, or any considerable portion of it; and he appears to have been indebted in but a small amount, and that amount he avers in the answer he was abundantly able to pay.

The subsequent occupation of the premises, and the fact that it was mortgaged by Kendrick and wife, that the deed was not recorded until after the commencement of the action by the complainants in which the judgment was rendered to aid in the collection of which this bill is filed, do not, under the circumstances of this case, prove or raise any presumption of fraud. The grantor and grantee intermarried; and the relation which existed between them was of that confidential nature which renders their subsequent acts entirely consistent with honesty of intention. Had they been strangers, and had Kendrick continued in possession of the property, and mortgaged it for his debts, and the deed remained unrecorded, a very strong presumption of fraud would arise, and perhaps, in connection with the small amount of indebtedness existing at the time of the conveyance, conclusive proof of it would be established.

We think the decree of the Court below should be reversed, and the bill dismissed.

MANNING & CAMPBELL JJ. concurred.

CHRISTIANCY J. was absent when the case was decided.