JOHN C. GALE v. EMELINE GOULD AND JAMES R. HAMMOND.

*Title under voluntary deed—Dismissal without prejudice.*

A grantee by voluntary deed has a good title as against the grantor and any subsequent grantee or mortgagee under him, or any subsequent creditor.

A bill cannot be dismissed without prejudice where a new bill must necessarily cover the same ground.

Appeal from Ingham. Submitted January 31. Decided April 9.

BILL to quiet title. Defendants appeal.

*M. V. & R. A. Montgomery* for complainant.

*Henry A. Shaw* for defendants appellant.

COOLEY, J. Gale filed his bill in this case to remove a cloud upon his title to a parcel of land in Ingham county. The defendant Hammond was formerly the owner of the land, and on November 30, 1869, mortgaged the same to Joseph Gale to secure the payment of $1,000. This mortgage was assigned to complainant in 1872 and was foreclosed and the land bid in by complainant in 1874. Complainant has since ascertained that on October 21, 1868, Hammond had conveyed the same land to the defendant Gould, by a deed which was immediately placed upon record. He charges that this conveyance was entirely without consideration, and that it was made to cheat and defraud the creditors of Hammond. He avers that Joseph Gale was one of those creditors to the amount of one thousand dollars, and he prays that the title of Gould be decreed to be fraudulent and void, and that the title of complainant under the foreclosure be declared absolute, etc.

The case has been heard on pleadings and proofs, and decree made in accordance with the prayer of the bill.

An inspection of the record leads almost irresistibly to the conclusion that the deed from Hammond to Gould was made without any adequate consideration, and probably no one will be wronged if in this controversy it is treated as a purely voluntary conveyance. But there is not the slightest evidence in the case tending to show that Hammond deeded the land to Gould in fraud of his creditors. Neither is it shown that Joseph Gale at the date of the deed was a creditor of Hammond. Neither is it made to appear in any way that Gould was privy to the fraud of Hammond in obtaining a loan from Joseph Gale, and pretending to secure it by a mortgage on lands he had previously conveyed away.

Complainant's case then is this: He claims title to the land under a mortgage which was given by one who had previously conveyed the land without consideration to one who then held it under a recorded deed. He connects this grantee with no fraud or attempted fraud upon his assignor, but he insists that she is in fact, by some secret understanding, holding the land for the benefit of the mortgagor, and he seeks to reach it in her hands on that ground.

It seems sufficient for us to say that in the absence of any showing of fraud as against the defendant Gould, she can stand in no worse position than that of any other grantee by voluntary deed duly recorded. Her title is perfectly good as against her grantor, and also as against any subsequent grantee or mortgagee under him, or any subsequent creditor. *Page v. Kendrick*, 10 Mich., 300; *Keeler v. Ullrich*, 32 Mich., 88.

The decree must therefore be reversed and the bill dismissed with costs of both courts. It is urged by complainant that it should be dismissed without prejudice; but as a new bill must necessarily cover the same ground already gone over in this suit, it would be contrary to established and proper usage to take that course.

The other Justices concurred.