HENRY BARBER v. ER MILNER ET AL.

*Deed absolute as security—Validity of parol trust in lands.*

Parol evidence is admissible to show that a deed absolute on its face was intended as a mortgage.

A voluntary conveyance deliberately made and delivered without mistake or contrivance or any understanding for a reconveyance, and on which the grantor receives the consideration, is binding on him.

Where a wife signs a deed given as security, only on condition that on payment of the amount secured, the grantee shall convey the premises to a third person, the grantee cannot dispose of the property otherwise; and after he has conveyed as agreed, the validity of the trust to him cannot be questioned on the ground that it was not in writing.

Appeal from Genesee.  Submitted February 11.  Decided April 8.

BILL to set aside a deed.  Complainant appeals.

*E. M. Thayer* and *Newton & Howard* for complainant.

*George H. Durand* for defendant.

MARSTON, C. J.  We have no doubt whatever but that defendant's version of the facts in this case is correct.

The complainant being indebted to the Citizens' National Bank of Flint, in order to secure payment thereof executed and delivered to William L. Gibson, the cashier, a warranty deed of the premises in question.  The complainant had accumulated considerable property, but because of a habit he had acquired of using intoxicating liquors to excess, he had lost portions thereof and become somewhat involved financially.  In consequence thereof his wife, Phebe Barber, refused to join in the conveyance to Gibson until complainant agreed that on payment of the indebtedness to the bank, Gibson should convey the property to her or to any person to whom she should direct.  Under this agreement and in pursu-

ance thereof she joined in the conveyance, and afterwards directed Mr. Gibson to convey to Milner, who was her son-in-law. Milner paid the bank $1500, which was in excess of the amount due the bank, which surplus was placed to the credit of complainant and afterwards drawn out by him, and thereupon the property was conveyed to Milner. He afterwards conveyed to defendant Phebe Barber, receiving from her a mortgage to secure him for the amount he had paid the bank, and for sums advanced by him for insurance and taxes upon the property.

Such are the facts as we find them. In complainant's behalf it is claimed—*First*, that the conveyance to Gibson was intended to be but a mere security, and that parol evidence is admissible to show that a deed absolute on its face was intended as a mortgage. The correctness of this position need not be questioned. *Second*, that the farther parol agreement to convey to Mrs. Barber would create an express trust in her favor, and that such a trust cannot thus be created under our statute. 2 Comp. L. §§ 4124, 4692. Two answers may be given to this position, either one of which may be sufficient to dispose of the present case.

The conveyance to Gibson was freely and voluntarily made and delivered. Although given to secure the bank, yet the consideration received by the grantor was something more than the amount due the bank, and this he received and retained. It was neither the agreement nor the understanding at the time this conveyance was made, that the grantee Gibson should reconvey upon payment of the amount due the bank, or of any other sum, or at any time, or upon any terms. The conveyance was a voluntary one, made with deliberation, without mistake or contrivance by any one, and binding upon the grantor. *Jackson v. Cleveland* 15 Mich. 94.

In the second place Mrs. Barber refused to join in the conveyance until it was agreed, upon payment to the bank of the consideration of $1500, the property should be conveyed to her or to such person as she should

direct. She had a valuable interest in the premises, and if she declined to convey the same until such an agreement was made, and in reliance thereon joined in the conveyance to Gibson, a refusal by the latter to convey upon payment or tender of the amount would be a fraud upon her rights, and a court of equity would interfere to prevent the consummation thereof. Gibson could not under any circumstances be considered the absolute owner of the property, and having obtained the title as security upon an agreement to convey to a third party, the law would not permit him to claim or dispose of the property contrary to such agreement. *Abbott v. Gregory* 39 Mich. 70. No such question properly arises in the present case. Here he has conveyed as he agreed, the trust has been executed, and whether valid because not in writing, or not, is no longer an open question.

The decree must be affirmed with costs.

The other Justices concurred.