JOHN C. GALE v. JAMES R. HAMMOND, EMLINE GOULD AND LUMAN A. FOWLER.

*Mortgagee cannot file bill in aid of execution on the mortgaged premises.*

The grantor of land gave a mortgage on it, after the deed had been recorded, to a third person whose assignee obtained a judgment against him for the debt secured thereby, and while insisting on the validity of the mortgage, filed a bill against the grantee in aid of his execution, claiming that part of the debt antedated the deed. *Held*, that under Compiled Laws, §.4667, which forbids the sale of a mortgager's equity of redemption, the bill would not lie.

Appeal from Ingham. Submitted November 10. Decided January 5.

BILL in aid of execution. Dismissed. Complainant appeals. Dismissal affirmed.

*M. V. & R. A. Montgomery*, for complainant.

*Henry A. Shaw*, for defendants.

CAMPBELL, J. Gale filed his bill in aid of an execution levied July 9, 1879, on a judgment against Hammond upon certain lands which he claims were conveyed by Hammond to defendant Gould in October, 1868, the deed being recorded on the 25th of October, 1868; and complainant alleges it was made to defraud the creditors. Gale's cause of action in the suit in which he obtained judgment was a bond dated November 30, 1869, given by defendant Hammond to Joseph Gale, who assigned the same to complainant October 3, 1872. This bond was secured by mortgage on the land levied on. The bill claims that the bond included an indebtedness which existed before the deed from Hammond to Mrs. Gould. Fowler is claimed to have no superior equities. The bond was to secure $1000 in two years from November 30, 1869.

Among other defences it was set out and appeared that in 1876 Gale filed a bill in chancery in aid of a title obtained by statutory foreclosure under this same mortgage, in which he attacked the Gould deed for the same fraud, and in which it was finally decided by this court that no fraud was made out as against complainant. The case is reported as *Gale v. Gould* 40 Mich. 515.

It was suggested to counsel on the argument that under section 4667 of the Compiled Laws it is provided that when a judgment is recovered for a debt secured by a mortgage of real estate, "it shall not be lawful for the sheriff or other officer to sell the equity of redemption of the mortgagor, his heirs or assigns, in such estate, by virtue of any execution upon such judgment." It was claimed, however, that there

were matters in the record which possibly would obviate this difficulty.

We do not discover any ground on which to raise any distinction between this and any other cases. The levy is claimed to be on the land mortgaged and the mortgage has always been insisted on as valid and it is sought to be enforced on the ground that so far as complainant is concerned no valid transfer of the land was ever made to Mrs. Gould. This appears to be a fatal objection to the bill. We do not see how we are at liberty to limit the effect of the statutory prohibition when the mortgage is relied upon, nor do we discover any distinction between cases of fraud and others.

Upon a careful inspection of the record, there seem to be difficulties in reaching the question of fraud, even if it could be considered under the statute. Not only has the controversy been already passed upon and adjudicated, but it appears distinctly that the conveyance to Mrs. Gould was recorded a year before complainant's assignor took his mortgage. It also appeared that he had actual notice of the state of the title, and paid up a mortgage made by Mrs. Gould to one Leonard, and this payment was a part of the consideration of the mortgage now in controversy. While there is reason to believe the Gould transfer was understood by all parties to be merely colorable, Joseph Gale knew that it stood as an absolute title, and did not see fit to protect himself by getting Mrs. Gould's transfer or concurrence in any proper form. He may have been under some mistake of law, but he is quite as likely to have trusted that all would be made right. There is nothing indicating that any deceit was practiced on him.

There is no good cause for granting relief, and the bill was properly dismissed. The decree must be affirmed with costs.

The other Justices concurred.