J. M. CONRY, Appellant, v. ED. BENEDICT and JOHN BOWERS.

**Fraudulent Conveyance:** EVIDENCE. A conveyance of real and personal property made by the holder of the title to his father-in-law pending litigation with a third person, is not fraudulent where the sale had been long contemplated, an adequate consideration, (made up in part of an alleged debt due grantee from grantor said to have been evidenced by promissory notes held by grantee), was paid and the transfer was made in view of the intended removal from the state of the grantor who had never invested anything in the property and against whom it was not certain that a judgment would be recovered, and this, though grantee made sworn returns that he had no moneys and credits during the period he claims to have held said notes and though he subsequently aided grantee to avoid garnishment.

SAME. Where a conveyance from one relative to another is attacked by the grantor's creditors as fraudulent, fraud will not be imputed to them because of the relationship alone, but it or a state of facts from which it may be inferred, must be proved.

*Appeal from Ida District Court.*—HON. Z. A. CHURCH, Judge.

THURSDAY, OCTOBER 27, 1898.

ACTION to subject real estate to the payment of a judgment. Decree for defendants, and plaintiff appeals.—*Affirmed.*

*B. I. Salinger* and *C. S. Macomber* for appellant.

*Warren & Johnston* for appellees.

LADD, J.—The plaintiff recovered judgment against John A. Bowers for the sum of three hundred and nine dollars and five cents damages and one thousand and twenty-four dollars and fifty-five cents costs on the twenty-third day of April, 1895, on which execution was afterwards issued, and returned *nulla bona*. While the action in which this judgment was entered was pending, March 23, 1895, Bowers conveyed to Ed. Benedict the south one-half of the southeast one-fourth of section 28, township 87 north, of range 39 west of the fifth principal meridian, and certain personal property. This suit is brought to subject said land to the satisfaction of the judgment. When conveyed, the east forty acres was occupied by Bowers as a homestead, and appellant concedes, as to that forty, he is entitled to no relief. He insists, however, that the west forty was conveyed for the purpose of defeating the collection of any judgment Conry might obtain. It appears that Bowers began the action, and that judgment was entered in favor of Conry on a counterclaim, and that the trial was in progress at the time the deed was executed. Benedict took an active part in the trial by way of assisting Bowers, who was his son-in-law, but did so, as he claims, at the request of Bowers' attorneys. The price paid for the land (forty dollars per acre) was adequate. At the same time a bill of sale of personal property was made for the consideration of three hundred and seventy-five dollars. The price was not lumped, as contended, but was fixed by Bowers and the son of Benedict, for whom he was purchasing. This land had been bought by Benedict in 1887, and taken in the name of Bowers, who never paid anything on the purchase price. The consideration, two thousand dollars, was paid by assuming an existing mortgage of one thousand dollars, executing notes for six hundred and fifty dollars, and a cash payment of three hundred and fifty dollars given by Benedict to his daughter at the time of her marriage. The notes were sub-

sequently discounted, and Bowers gave his note in lieu thereof, covering the six hundred and thirty dollars paid, and this Benedict also gave his daughter. These sums amounted to one thousand nine hundred and thirteen dollars at the time of the sale, and were paid Mrs. Bowers. Benedict took up the mortgage, and this, with other loans, made up the one thousand two hundred and forty-six dollars, which he retained out of the purchase price of the farm. One hundred and seventy dollars was paid in cash, and two hundred and forty-six dollars paid to other creditors of Bowers. This was all Bowers' property except a judgment in Illinois. Some time after the sale Benedict aided Bowers in collecting that, in a way to avoid garnishment proceedings by Conry. It must be added that during this time Benedict made sworn returns to the assessor that he had no moneys and credits. His testimony of Bowers' indebtedness to him is in no other manner contradicted or impeached, and we cannot say that it should be rejected because of the general statements to the assessor. He may have considered it of no value. And, again, it is a well known fact, much to be regretted, that many citizens, in other respects worthy of entire confidence, either conceal or fail to disclose personal property, in order to avoid their just contribution to the support of the government. The general assembly might find it meet that property so withheld from the burden of taxation should be deprived of protection in litigation. In the absence of such legislation, however, this will only be considered a circumstance to aid the court in passing upon the particular issue presented. We are inclined to the conclusion that Bowers owed Benedict the amount claimed. It is said that the conveyance of all tangible property by Bowers is a badge of fraud. This is fully explained, however, by his purpose to move to Missouri, and the necessity of making payment to those who invested money in the property. While the courts will carefully scan and scrutinize the dealings between close relatives, yet the mere fact that the parties to a transaction are relatives will

not relieve him alleging fraud from establishing it or proving a state of facts from which fraud may be inferred. In other words, where a transaction between relatives is attacked on the ground of fraud, it will not be imputed to them because of the relationship alone. *Allen v. Kirk,* 81 Iowa, 658; *Fifield v. Gaston,* 12 Iowa, 218.

The only suspicious circumstance in the transaction is the purchase during the trial. This is met, however, by proof that the sale had been contemplated long prior to that time; that it was made for a son of Benedict; that Bowers was intending to leave the state; that an adequate consideration was paid; and that Bowers had never invested a cent in the property. Besides, at that time, it did not appear with any degree of certainty that Conry would ever recover judgment. Benedict purchased under an agreement, made long before it was known that Conry would obtain judgment, that Benedict should take the land at forty dollars per acre, unless Bowers could obtain, in the meantime, a higher price. While some of the circumstances are suspicious, all are consistent with an honest motive on the part of all parties to the transaction. We are content with the conclusion of the district court, and its decree is AFFIRMED.