# Wilson, Admrx *v.* Stevens *et al.*

*Bill in Equity by Creditor of Corporation to have Directors declared Trustees in invitum and Liable for Corporate Debts.*

1. *Corporations; right of subsequent creditor to complain of disposition of property.*—A subsequent creditor of a corporation can not complain of the conveyance or transfer of the corporate property, unless such conveyance or transfer was made with the intent to hinder, delay or defraud subsequent creditors, and had such operation and effect; and in such case the burden is upon the subsequent creditor seeking the relief to allege and prove such fraud.

2. *Same; liability of directors to creditors of corporation.*—The directors of a corporation are not personally liable to the corporate creditors for mismanagement of the business of the corporation or for waste of its assets, unless the creditors show actual fraud committed by them.

[Wilson, Admrx. v. Stevens *et al.*]

3. *Same; right of directors of insolvent corporation to be preferred.*
   An insolvent corporation, like an insolvent individual, can make a valid transfer of its assets to one of its directors in payment of a *bona fide* debt due from the corporation, thereby preferring such director to other creditors in payment of its corporate debt.

4. *Administration of estate; when borrower from administrator treated as trustee in invitum.*—One who borrows from an administrator money belonging to the estate of his intestate, although such loan is unauthorized and made without an order of the court, will not, in the absence of fraud and collusion, be treated as a trustee *in invitum* and held to an accounting at the instance of a beneficiary in said estate.

5. *Same; when administrator bound by election.*—Where an administrator in chief makes an unauthorized loan of money belonging to an estate of his intestate, if the administrator *de bonis non* accepts such loan and seeks to hold the borrower as a trustee *in invitum*, he thereby elects to adopt the contract, and can not, subsequently, accept the investment, and treat the loan as a devastavit.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. W. H. SIMPSON.

The bill in this case was filed by the appellant, Elizabeth Owen Wilson, as administratrix *de bonis non* of the estate of Arthur Owen Wilson, deceased, against the North Alabama Improvement Company, a corporation, and James R. Stevens, John L. Rison, Michael J. O'Shaughnessy, William P. Newman, George M. Harris and Charles H. Halsey, as directors of the North Alabama Improvement Company.

It was averred in the bill that the complainant had recovered a judgment against the North Alabama Improvement Company for the sum of $5,349.53, on March 20, 1895, in the circuit court of Madison county; that execution had been issued thereon and returned no property found; that the debt upon which this judgment was founded was a debt evidenced by the note for $5,000, which was made by the defendant corporation and was payable to Charles H. Crawford, as administrator of Arthur Owen Wilson, deceased, and was dated April 1, 1892, and payable one year after date; that said Crawford had been, at the suggestion of one of the directors of the North Alabama Improvement Com-

pany, appointed administrator of the estate of Arthur Owen Wilson, deceased, and as such administrator had collected $5,000 on the policy of life insurance issued to Arthur Owen Wilson, the intestate, by the New York Life Insurance Company. It was then averred that said Crawford, as such administrator, made application to the probate court of Madison county to be allowed to lend the $5,000 so collected by him on said life insurance policy to the North Alabama Improvement Company, but the said court refused to order or authorize the loan of such money; and that notwithstanding such refusal of the court, the said Crawford did lend the money so collected by him upon the life insurance policy to the North Alabama Improvement Company, and that the said note above referred to was given for such loan, and to secure the payment thereof the said company executed a mortgage upon certain property, which was owned by it at the time, but which was greatly less in value than $5,000; that at the time of the negotiation of this loan the individual defendants to the bill were the directors of said corporation, and that it was through their instrumentality the loan was made by said Crawford, and that they and said Crawford knew at the time that the loan was without authority of law. The bill then averred in detail several alleged acts of misconduct and mismanagement on the part of the directors of the defendant corporation of its assets and of the corporate business, and that as the result of such mismanagement and misconduct the corporation had been reduced to insolvency; that in the negotiation of a sale of property they preferred one of their number, who was a director, and conveyed to him large tracts of land and issued bonds which they delivered to James F. O'Shaughnessy, who was at that time a director, which was used for his own benefit, although said conveyance of land and the delivery of the bonds proper should have been upon the alleged indebtedness from said corporation to said O'Shaughnessy. The facts complained of by the complainant in the bill, as shown by the averments thereof, took place prior to the negotiation of the loan for $5,000 to the defendant cor-

poration. It was then averred that said Charles H.
Crawford had resigned as administrator of the estate
of Arthur Owen Wilson, and that the complainant had
been duly appointed administrator *de bonis non.*

The prayer of the bill was as follows: "That a decree
may be rendered against all of the defendants for the
amount of said mortgage with the interest due thereon;
the defendants to be credited by the amounts received
by the foreclosure of said mortgage. That a reference
may be had to the register of this court to ascertain the
amount due to complainant, and to ascertain and state
an account between the defendant directors and the de-
fendant corporation, and that the directors may be
charged with the assets of said corporation that have
been misapplied or wasted by them, and that out of the
amount found due to the defendant corporation that
the defendants may be required to pay the amount found
to be due to the complainant. The complainant prays
for all other and further relief to which she is entitled
on the facts as herein stated."

The defendants filed answers to the bill, in which they
denied the specific charges of fraud, and averred in
detail the facts attending the several transactions set
forth in the bill. It is unnecessary to set out at length
the evidence in the case.

On the final submission of the cause upon the plead-
ings and proof the chancellor rendered a decree deny-
ing the relief prayed for, and ordered the bill dismissed.
From this decree the complainant appeals, and assigns
the rendition thereof as error.

D. D. SHELBY and JAMES H. BRANCH, for appellants.
The directors of the defendant corporation by their mis-
conduct and mismanagement of the corporate affairs
became liable to the complainant in the present case.
*Cox v. Huntsville Gas Light Co.,* 106 Ala. 373. The
corporation after insolvency has a right to call the di-
rectors to an accounting in a court of chancery, and a
privity of right resides in the creditors of the corpora-
tion to do the same thing.—*Bank v. St. John,* 25 Ala.
609; Cook on Corporations, § 243; 2 Morawetz on Cor-
porations, 795, 796; Clark on Corporations, 514, 520.

566, 606; *M. & W. P. R. R. Co. v. Branch & Co.*, 59 Ala. 139; *O'Bear Jewelry Co. v. Volfer,* 106 Ala. 221.

If an accounting should be deemed proper, it would include the debt and credit side of the directors' books, from the date of their accession to office.—*Cox v. Huntsville G. L. Co., supra.* It is very clear that the doctrine of subsequent creditor could not affect complainant's right to an accounting. Accounting reaches backward. *Coxe v. Huntsville G. L. Co., supra; Bank v. St. John, supra.* Besides a debtor is not permitted to silence a prior creditor with money extracted from a subsequent creditor.—Wait on Fraudulent Conveyances, § 103; *Paulk v. Cook,* 39 Conn. 566; *Savage v. Murphy,* 34 N. Y. 508.

Crawford's loan, as administrator was *per se* unlawful—a *devastavit.*—*Walls v. Grigsby,* 42 Ala. 473; *Clark v. Knox,* 70 Ala. 18; *Clark v. Hughes,* 71 Ala. 166.

It is a wise and wholesome rule that whoever takes a trust knowingly from a trustee is a trustee *in invitum,* and liable to the beneficiary.—2 Pomeroy Eq. Jur., § 1048; *Milhous v. Duncan,* 78 Ala. 48; *Wetmore v. Porter,* 92 N. Y. 76; *Lee v. Lee,* 67 Ala. 422.

R. W. WALKER, *contra.*—Most of the things complained of in the bill were done before the debt to Wilson's administrator in chief was contracted. A subsequent creditor has no right to complain of a disposition by a corporation of its property unless such disposition was made with intent to hinder, delay or defraud subsequent creditors, and actually had that operation or effect.—*Graham v. LaCrosse & M. R. Co.,* 102 U. S. 148; *Porter v. Pittsburgh Bessemer Steel Co.,* 120 U. S. 649; *Dickson v. McLarney,* 97 Ala. 388; *Rollins v. Shaver Wagon Co.,* 20 Am. St. Rep. 443; *Schreyer v. Scott,* 134 U. S. 405; 2 Morawetz on Corps., §§ 795-800. And the burden is upon the complainant to allege and prove such fraud.—*Yeend v. Weeks,* 104 Ala. 339.

The averments of the bill show no misrepresentations or concealment, no fraud, within any definition.—8 Am. & Eng. Ency. Law (1st ed.), 635, 640. A creditor, existing or subsequent, occupies no such relation to the

[Wilson, Admrx. v. Stevens *et al.*]

corporation's directors as its stockholders. A creditor must show actual fraud, in order to hold directors liable.—*O'Connor Min. & Mfg. Co. v. Coosa Fur. Co.*, 95 Ala. 618.

An insolvent corporation may dispose of its property just as an insolvent individual could, and if a preference would not be illegal in the case of an individual it would not be illegal in the case of a corporation.—*O'Bear Jewelry Co. v. Volfer*, 106 Ala. 221; *Cleveland v. Smith*, 132 U. S. 318.

It is well settled in this State that the personal representative takes the full legal title to the money and *choses in action* of the estate, and may, without an order of court, dispose of them as if he were the absolute owner, subject only to a liability for improvidence in the exercise of the power.—*Chandler v. Chandler*, 87 Ala. 304; *Curry v. Peebles*, 83 Ala. 225; *Waring v. Lewis*, 53 Ala. 630.

The complainant cannot both proceed on the note and mortgage and also treat the loan as a devastavit. An election once made cannot be revoked. See *Elliott v. Branch Bank*, 20 Ala. 346; *Fireman's Ins. Co. v. Cochran*, 27 Ala. 236; *Fowler v. Bowery Sav. Bank*, 10 Am. St. Rep. 482, and note.

DOWDELL, J.—The purpose of the bill in this case is to hold the directors individually liable for the debt of the corporation. Charles H. Crawford, as administrator of the estate of Arthur Owen Wilson, deceased, loaned five thousand dollars, money belonging to the estate of his said intestate, to the North Alabama Improvement Company, a corporation, taking that company's note for the amount of the loan, secured by a mortgage of the company on certain real estate. Crawford having resigned as administrator, the appellant, Elizabeth Owen Wilson, was appointed administratrix *de bonis non*, and as such administratrix recovered judgment against said company on the note, and foreclosed the mortgage, herself becoming the purchaser at the mortgage sale. The amount of the debt not being realized from said company, the present bill was filed, seek-

ing to charge the individual defendants, who were directors of the North Alabama Improvement Company, with said indebtedness of said company. On a hearing on the pleadings and proof, the bill was dismissed by the chancellor.

The frame of the bill is that of a common creditors' bill filed on behalf of the complainant and such other creditors as might come in and make themselves parties. And as such, it is wholly inconsistent with the other theory insisted on by the complainant, that is, of holding the defendants liable as trustees *in invitum*, for dealing with trust funds of the estate of complainant's intestate in participating in the transaction of the alleged unauthorized loan by the administrator in chief to the corporation. It is too plain to admit of controversy, that other creditors having no interest in such trust fund, cannot base any claim for relief on this theory of the bill.

When considered as a common creditors' bill, pretermitting consideration of the sufficiency of the allegations, the great weight of the testimony repels the theory of fraud, and in this respect we concur in the finding and conclusion of the chancellor that the proof fails to sustain the charges of fraud and collusion. Most of the transactions complained of in the bill, were had and done before the debt to Wilson's administrator in chief was contracted. A subsequent creditor cannot complain of a disposition of its property by a corporation, unless such disposition was made with intent to hinder, delay, or defraud subsequent creditors, and actually had that operation and effect.—*Graham v. LaCrosse & M. R. Co.*, 102 U. S. 148; *Porter v. Pittsburgh Bessemer Steel Co.*, 120 U. S. 649; *Dickson v. McLarney*, 97 Ala. 388; *Rollins v. Shaver Wagon Co.*, 20 Am. St. Rep. 434; *Shreyer v. Scott*, 134 U. S. 405; 2 Morawetz on Corp., §§ 795-800. And the burden is upon the complainant to allege and prove such fraud. *Yeend v. Weeks*, 104 Ala.339. Nor does a creditor, existing or subsequent, occupy such relation to a corporation's directors as its stockholders. Directors may be liable to stockholders for mismanagement of the busi-

ness of the corporation, or waste of its assets. Not so as to its creditors. A creditor must show actual fraud, in order to hold directors liable.—*O'Connor Mining & Mfg. Co. v. Coosa Fur. Co.*, 95 Ala. 618. And as to grounds upon which directors may be charged personally, with the debts of the corporation, see also 3 Thompson on Corp., §§ 4137, 4138, 4144, 4145, 4092. They are not so chargeable merely because they have mismanaged and wasted assets, but only on some such ground as deceit or fraudulent misrepresentations practiced upon persons dealing with the corporation. It does not appear from either allegations or proof in this case that any fraud was committed by either of the defendant directors on the administration in chief. There was no concealment or misrepresentation, and it appears that Crawford was as fully informed of the situation as any of the defendants.—*Cleveland v. Smith*, 132 U. S. 318.

It was decided by this court in the case of *Corey v. Wadsworth et al.*, 118 Ala. 488, that an insolvent corporation may dispose of its property just as an insolvent individual could, and consequently a preference, which would not be illegal in case of an individual, would not be illegal in case of a corporation. See also *O'Bear Jewelry Co. v. Volfer*, 106 Ala. 205.

In the absence of fraud and collusion, one who borrows from an administrator money belonging to the estate of his intestate, although such loan be made without an order of court, will not be treated as a trustee *in invitum* and held to an accounting at the instance of the *cestui que trustent.* In such a case the *cestui que trust* may adopt the contract, or he may repudiate the same and hold the administrator liable. The proof in the present case failed to show any fraud and collusion on the part of the defendants in connection with said loan.

Even if the complainant as administratrix *de bonis non* had the right to repudiate the loan made by Crawford, yet, with full knowledge of all the facts, she elected to adopt the contract, and having made that election she is bound by it. She could not accept the investment, and also treat the loan as a *devastavit.—Warring v.*

[First National Bank of Decatur v. Pullen.]

*Lewis*, 53 Ala. 632, 633. This principle was recognized in the opinion on application for rehearing in *Lee v. Lee*, 67 Ala. 424. See also, *Elliot v. Branch Bank*, 20 Ala. 346; *Firemen's Ins. Co. v. Cochran*, 27 Ala. 236.

The chancellor committed no error in the final decree rendered, and the same must be affirmed.

Affirmed.