ANGELO DOVA AND CARMELINA DOVA, HUSBAND AND WIFE, *Appellants,* v. R. O. HANCOCK, *Appellee.*

Division B.

Opinion Filed December 20, 1924.

1. Presumably business transactions between individuals are not fraudulent, but honest, and he who asserts fraud in a particular transaction is required to prove it, if his contention is to prevail.

2. A conveyance of property for the consideration of marriage pursuant to an ante-nuptial settlement is not fraudulent as to creditors on the ground of want of consideration.

3. Withholding a conveyance of property from record in order to maintain the credit of the grantor does not of itself render the instrument fraudulent as to his creditors, but may be a badge of fraud to be considered with all the facts attending the transaction in determining whether or not there was in fact a fraudulent intent in so withholding it from record sufficient to vitiate the conveyance.

4. An ante-nuptial settlement, though made with a fraudulent design by the settler, should not be annulled without the clearest proof of the wife's participation in the intended fraud.

5. Proof of fraudulent intent in this case and of extension of credit upon faith of debtor's ownership of property conveyed held not sufficient basis for a decree setting aside the deed as fraudulent and void.

An Appeal from the Circuit Court for Escambia County; A. G. Campbell, Judge.

Reversed.

*J. McHenry Jones,* for Appellants.

*Leroy V. Holsberry* and *L. V. Trueman,* for Appellee.

WEST, J.—The object of this suit is to set aside a deed as fraudulent to certain real estate and condemn the property described to levy and sale under an execution issued upon a judgment recovered by complainant against the defendant Angelo Dova. No defense was interposed to the bill of complaint. Decree pro confesso was duly entered. The Chancellor, nevertheless, required proof of the allegations of the bill and to that end appointed a special master to take evidence in the case. Upon testimony taken and submitted there was a final decree finding that as to complainant's judgment and execution the deed should be annulled.

From the allegations of the bill it appears that complainant was engaged in the wholesale grocery business and from time to time during the period from August 31, 1920, to January 18, 1922, sold merchandise to the defendant Angelo Dova, the first item of the account, according to a copy of a statement made a part of the bill, being dated August 31, 1920; that Dova having failed to pay a balance due on the account, complainant instituted suit against him and recovered judgment therefor on June 10, 1922; that execution issued thereon and was returned into court unsatisfied; that Dova acquired title to the lot described by deed to him, dated August 4, 1920, which deed was filed for record on January 19, 1922; that by deed dated January 1, 1921, he conveyed the property to Car-

'melina Cacace, whom he married on the following day, a copy of which deed is attached to and made a part of the bill; that the defendant Carmelina Cacace Dova withheld her deed from record from the time of its execution, January 1, 1921, to January 19, 1922, during which period the complainant was selling goods to the defendant Angelo Dova and extending credit to him, believing him to be the owner of said property; that "the said defendants fraudulently withheld said deed from record and fraudulently represented to the complainant, or his agent, that the said defendant, Angelo Dova, was the owner of the said property, which is worth about $3,000.00, and that on the strength of such representation a credit for which said judgment was secured was extended to the said Angelo Dova and that by withholding said deed from record and making said representations to the said complainant he believed that the said Angelo Dova was responsible for the amount of goods so sold to him and that by such representations and by withholding said deed from record they defrauded the complainant into extending said credit;" that complainant promptly brought suit on the account and recovered judgment against the defendant Angelo Dova on the 10th day of June, 1922, caused execution to be issued and placed in the hands of the sheriff, and has made diligent effort to collect said judgment, but can find no property of said defendant subject to levy and sale under said execution; that the said defendant is now, and was at the time complainant discovered said fraud, insolvent, or has so concealed his property as to prevent the collection of said debt; that the credit for which such judgment was secured would not have been extended had not the complainant "been deceived by the false and fraudulent representations of the said defendants and by said Carmelina Dova withholding from the record the deed

from the said Angelo Dova;'' that as soon as complainant learned of said transaction he ceased to extend credit to said defendant Angelo Dova and now has no remedy in the premises save and except in a court of equity.

According to the allegations and proof the defendant Angelo Dova owned the property described at the time complainant commenced to sell merchandise to him on August 31, 1920, he having acquired title thereto by deed dated August 4, 1920. This ownership continued until January 1, 1921, when he conveyed the property to Carmelina Cacace, the consideration being, according to the recital of the deed, the marriage of Carmelina Cacace to the grantor. The judgment against him was recovered June 10, 1922. Neither the deed to the defendant Angelo Dova nor the deed which he made to Carmelina Cacace was recorded until January 19, 1922, at which time they were both recorded. The fraud alleged consists in the withholding of the deed from Angelo Dova to Carmelina Cacace from record and falsely and fraudulently representing to complainant, after this deed was executed, that defendant Angelo Dova was the owner of the property, on the faith of which representation credit was extended by complainant to Dova, which credit would not have been extended had complainant not been deceived by such false and fraudulent representations.

Presumably, business transactions between individuals are not fraudulent, but honest, and he who asserts fraud in a particular transaction is required to prove it, if his contention is to prevail. . Tischler v. Robinson, 79 Fla. 638, 84 South. Rep. 914; Wilson v. Stevens, 129 Ala. 630, 29 South. Rep. 678; Gilbert v. Glenny, 75 Ia. 513, 39 N. W. Rep. 818; Conry v. Benedict, 108 Ia. 664, 76 N. W. Rep. 840; Bartlett v. Blake, 37 Me. 124; Hazell v. Bank of Tip-

ton, 95 Mo. 60, 8 S. W. Rep. 173; Hagerman v. Buchanan, 45 N. J. Eq. 292, 17 Atl. Rep. 946.

At the time the deed from Dova was executed he might have made a valid conveyance of the property to any one. The fact that he was, at the date of the conveyance, and from time to time before and after that date, purchasing merchandise from complainant on credit, did not operate to limit or restrict his right to dispose of his property. No such contention is made here. A conveyance of property for a consideration of marriage pursuant to an antenuptial settlement is not fraudulent as to creditors on the ground of want of consideration. 27 C. J. 540; Prewit v. Wilson, 103 U. S. 22; Barrow v. Barrow, 21 English Rep. 365; Smith v. Allen, 5 Allen 454, 81 Am. Dec. 758; Huntress v. Hanley, 195 Mass. 236, 80 N. E. Rep. 946; Marmon v. White, 151 Ind. 445, 51 N. E. Rep. 930; Cohen v. Knox, 90 Cal. 266, 27 Pac. Rep. 215; Nance v. Nance, 84 Ala. 375, 4 South. Rep. 699. It is not alleged that the conveyance sought to be avoided was made for the purpose of defrauding creditors of the grantor.

Withholding a conveyance from record in order to maintain the credit of the grantee is not of itself sufficient as a matter of law to justify a holding that such conveyance is fraudulent and void as to creditors of the grantor, existing or subsequent. It may be a badge of fraud to be considered with all the facts attending the transaction in determining whether there was in fact a fraudulent intent, sufficient to vitiate the conveyance, in so withholding it from record. American Freehold etc. Co. v. Maxwell, 39 Fla. 489, 22 South. Rep. 751; Haas v. Sternbach, 156 Ill. 44, 41 N. E. Rep. 51; American Trust & Savings Bank v. McGettigan, 152 Ind. 582, 52 N. E. Rep. 793, 71 A. S. R. 345; Hutchinson v. First National Bank, 133 Ind., 271, 30 N. E. Rep. 952, 36 A. S. R. 537; Page v. Kendrick, 10

Mich. 300; Mull v. Dooley, 89 Ia. 312, 56 N. W. Rep. 513; Crabb v. Morrissey, 31 Neb. 161; First Nat'l. Bank v. Jaffray, 41 Kan. 694, 21 Pac. Rep. 242; McElwee v. Kennedy, 56 S. C. 154, 34 S. E. Rep. 86; Klein v. Richardson, 64 Miss. 41, 8 South. Rep. 204; Danner Land & Lumber Co. v. Stonewall Ins. Co. 77 Ala. 184.

The traveling salesman of the complainant testified as a witness on his behalf in substance that he began selling merchandise to the defendant Dova in August, 1920, and continued selling him until January 1, 1922. He further testitfied as follows: ''Q. Did you have any conversation with Angelo Dova or his wife in reference to the property owned by him when you were selling him these goods? A. Yes sir. Q. State the conversation you had with his wife or with him in the presence of his wife. A. Both of them told me that he was the owner of a piece of property just south of the property owned by his wife. * * * Q. Both Angelo Dova and his wife you say gave you this information? A. Yes, sir, both of them stated to me that the property was his. Q. Did they make these statements for the purpose of securing credit from you? A. Yes sir. * * * Q. The certified copy of the deed in question shows that it is dated the 1st day of January, 1921, and was filed for record January 19, 1922, did you learn before the deed was filed for record that the property belonged to Carmelina Dova? A. I did not. Q. Would you have extended credit to Angelo Dova if it had not been for the false representation they made to you in reference to the ownership of the real estate mentioned and described in the deeds filed with your testimony as 'Exhibit Z' and 'Exhibit X'? A. Only for a small amount on weekly terms. * * * Q. Have you been able to make the money out of his property? A. No sir. Q. What is your information as to his insolvency taking into consideration that he had conveyed away

the piece of property which is the subject of this suit? A. A claim against him is worthless except as the money is made from the real estate mentioned in this suit. * * * Q. Do you know that such execution remains unsatisfied? A. I do.''

There is no allegation or proof of possession by Dova or his wife.

In Prewit v. Wilson, *supra,* the doctrine is announced that ''an ante-nuptial settlement, though made with a fraudulent design by the settler, should not be annulled without the clearest proof of the wife's participation in the intended fraud, for upon its annulment there can follow no dissolution of the marriage, which was the consideration of the settlement.'' This is the general rule. 12 R. C. L. 518; Robertson v. Schlotzhauer, 243 Fed. 324; Magniac v. Thompson, 7 Pet. 348, 8 L. Ed. 709; Champion v. Cotton, 17 Ves. Jr. 263a; Foley v. Ronalds, 177 N. Y. S. 55; Nance v. Nance, *supra;* State *ex rel.* Harrison v. Osborne, 143 Ind. 671, 42 N. E. Rep. 921; Boggess v. Richards, 39 W. Va. 567, 20 S. E. Rep. 599; J. P. Leininger Lbr. Co. v. Dewey, 86 Neb. 659, 126 N. W. Rep. 87, 21 Am. & Eng. Ann. Cas. 471 and note.

That the wife in this case neglected to record the deed conveying the property to her is proved, but, at the same time, it is proved that her husband, to whom credit was extended, also neglected to record the deed to himself by which he acquired title, thus in a measure negativing the contention that her conveyance from him was fraudulently withheld from record. Besides, there is no evidence that complainant examined the record and would have discovered the conveyance if it had been recorded. And while it may not be a good defense to say that by the exercise of due caution the falsity of the representation would have been discovered by complainant, yet, a failure to examine

the record, which might have been done at any time and which it seems ordinary business prudence would have prompted (and which incidentally would have revealed that Dova himself had no record title prior to January 19, 1922), may be a circumstance tending to affect the weight of the evidence that credit was extended on the faith of Dova's ownership of the property. Proof that merchandise was sold and credit extended to Dova, for the several months' period covered by the account, upon the faith of his ownership of the specific property described, is not clear, and evidence of other alleged representations by defendants is not sufficient basis for the decree annulling and setting aside the deed.

The decree is therefore reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.