MOORE v. DYKSTRA.

1. EASEMENTS—RIGHT OF WAY—VENDOR AND PURCHASER—FRAUD.
   Where instrument voluntarily executed by vendee giving to vendors right to use driveway pursuant to oral agreement made at time land contract was executed was read to her by scrivener and its terms explained, her claim of fraud and misunderstanding was not sustained by the evidence.

2. SAME—CONSIDERATION.
   Vendee being equitable owner, with right of and actual possession, grant of easement to vendors in right of way was operative as to her and her title, and no special consideration was necessary as between them.

Appeal from Muskegon; Vanderwerp (John), J. Submitted April 11, 1930. (Docket No. 78, Calendar No. 34,844.) Decided June 2, 1930.

Bill by Edward Moore and another against Dora Dykstra to restrain maintenance of a fence. Cross-bill by defendant for specific performance of a land contract. From a decree for plaintiffs, defendant appeals. Affirmed.

*Robert R. Gale,* for plaintiffs.

*Galpin, Smedley & Dunn,* for defendant.

Fead, J.     September 18, 1926, plaintiffs sold defendant, on contract, the southerly 30 feet of a certain lot in Muskegon. They had some conversation to the effect that plaintiffs wanted to reserve a right of way for a driveway on the north side of the premises. Defendant did not want a reservation in the contract, but agreed to give a separate instrument later. On November 27th she executed to plaintiffs an instrument, under seal and acknowledged, that:

"Said first party for and in consideration of one dollar and other valuable considerations hereby gives second parties and their assigns the right to use a certain driveway on the north side of said 30 feet for the purpose of driving in from Spring street to the back of said lot and to the garage over the driveway as now constructed and located on the north side of said above described 30 feet, and as long as this privilege of a right of way is in force."

The instrument contained other provisions as to upkeep, use by defendant, and revocation for non-use or misuse by plaintiffs. In 1928 defendant

erected a wire fence which obstructed the right of way, and plaintiffs brought this suit and had decree to compel removal of the obstruction.

We agree with the chancellor that defendant's claim of fraud and misunderstanding of the instrument was not sustained by the evidence. The scrivener read and explained the instrument to her and she executed it voluntarily and with knowledge of its terms. The location of the right of way was not indefinite as the physical situation of the premises established it along the north line. Defendant was equitable owner, had right of and actual possession, and her grant was operative as to her and her title. No special consideration was necessary as between the parties. *Barber* v. *Milner*, 43 Mich. 248; *Gale* v. *Gould,* 40 Mich. 515. The specific uses to which the plaintiffs may put the driveway and the conditions of forfeiture are not before us. Defendant has shown no valid revocation nor justification for obstruction as against proper use by plaintiffs.

Defendant paid into court the balance of her contract, and, by cross-bill, prayed for a proper deed. The one appearing in the record as tendered by plaintiffs was not in accordance with the contract. The decree, however, requires a proper deed and stands as conveyance if none is given.

The decree is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.