## Ammon S. Keeler and another v. Charles Ullrich.

*Fraudulent transfers: Judgment creditor: Execution: Title.* A judgment
creditor has no authority to levy an execution upon property trans-
ferred by his debtor prior to the existence of his .claim against such
debtor, where such transfer was not made in contemplation of any future
indebtedness, and such claim was not incurred on any faith that the
property in question belonged to the debtor, and where the creditor does
not show himself in any position to attack the rectitude of the transfer.

*Heard April 27.      Decided April 30.*

Error to Macomb Circuit.

*Edgar Weeks,* for plaintiffs in error.

*Hubbard & Crocker,* for defendant in error.

PER CURIAM:

Ullrich replevied certain animals and a hay rake from
Keeler and Taft.    Their defense .consisted of a justification
of the taking, upon the claim that as against his creditors
the property belonged to one John Cawker, and that it was
taken by Taft as constable, on an execution upon a justice's
judgment in favor of Keeler and against Cawker.    To make
out the justification, they gave evidence of the judgment,
which was rendered in December, 1873, and also submitted
evidence tending to show that Cawker sold to one Smith in
October, 1871, and that Smith sold to Ullrich in July, 1873.
These sales, it was insisted by Keeler and Taft, were fraud-
ulent.    There was no evidence, however, to show that Keeler
was a creditor of Cawker at the time of either of these
transactions, or that they were had in contemplation of any
future indebtedness of Cawker, or that Keeler became
Cawker's creditor upon any faith that the property in ques-
tion belonged to Cawker.    In short, there was no proof to
place Keeler in a position to question the rectitude of these

bargains, and the circuit judge very properly so charged. A claim is made that the judgment set up by Keeler was bad, but it is not necessary to inquire about that.

The defense wholly failed upon the ground mentioned, and the judgment should be affirmed, with costs.