## EDWARD PRICE v. ISAAC HAYNES.

*Assignments are limited by their Specific Terms.*

An assignment for the benefit of creditors is void if it does not include the assignor's real estate.

The scope of an assignment must be gathered from the whole instrument; no single clause is conclusive.

Where it is doubtful whether a conveyance covers land, the fact of its not being witnessed or acknowledged is entitled to weight in determining the probable intent of the grantor.

Title may pass without witnesses or acknowledgment, but cannot be fully protected.

An assignment was made of all one's "goods, chattels, stock, promissory notes, debts, choses in action, evidences of debt,

claims, demands, property and effects of every description, * * wherever the same may be situated, to wit: all the goods, chattels, and property now in the store lately occupied by" the assignor; also certain other specified chattels and debts. *Held*, that this did not include real estate.

Case made from Kent. Submitted Oct. 9. Decided Oct. 30.

REPLEVIN for goods seized by the defendant as sheriff. The goods were covered by an assignment of which the granting and descriptive parts are recited in the opinion. The court below tried the case without a jury, and gave judgment for plaintiff for six cents damages and costs.

*C. G. Hyde* for plaintiff.

*Taggart, Simonds & Fletcher* for defendant, cited the following authorities as bearing on the construction of assignments like that in this case: *Wilkes v. Ferris,* 5 Johns., 344; *Rhoads v. Blatt,* 16 N. B. R., 32; *Scott v. Coleman,* 5 Litt. (Ky.), 349; *Rundlett v. Dole,* 10 N. H., 458; *Beard v. Kimball,* 11 Id., 471; Burrill on Assignments, 266.

COOLEY, C. J. The question in this case is whether the plaintiff has shown in himself, as against the creditors of George R. Congdon, a title to goods which he claims were transferred to him by a general assignment made by Congdon for the benefit of his creditors.

At the time of the assignment Congdon owned certain real estate liable for the payment of his debts. The assignment did not mention this, and the following is the whole of the granting and descriptive portion of the instrument:

"Now this indenture witnesseth, that the party of the first part, in consideration of the premises and of one dollar to him paid before the sealing and delivery of these presents, the receipt of which is hereby acknowledged, has granted, bargained, sold, assigned, transferred and set over and by these presents does grant, bargain, sell, assign, transfer and set over unto the party of the second part, his heirs, executors, administrators and assigns, all and singular, the goods, chattels, stock, promissory notes, debts, *choses in action,* evidences of debt, claims, demands, property and effects of every description belonging to the party of the first part,

wherever the same may be situated, to-wit: all the goods, chattels and property now in the store lately occupied by me in the village of Cedar Springs; also two pair of logging trucks, one lumber wagon, one buggy, one set double harness, the undivided one-fourth of an engine and boiler at Burchville and the books of accounts lately used by me in said store, and the debts due to me contained therein."

Unless the terms here employed are sufficiently comprehensive to convey the real estate, the circuit judge was right in holding the assignment invalid. *Smith v. Mitchell*, 12 Mich., 180. We are of opinion that the real estate was not conveyed.

If the general terms employed in the assignment were sufficiently comprehensive to embrace real estate, they would seem to be restrained by the words which followed, and which apparently limited their force to the property particularly specified. There have been numerous decisions which have so held where, after words of grant as general as these, the assignment has proceeded to refer to a schedule attached for a more full and particular description. The construction of such instruments has been that they transferred only what was enumerated in the schedule if one was actually attached; and in *Mims v. Armstrong*, 31 Md., 87, 95, it seems to have been thought that had the specification followed the words of grant in the instrument, the case would have been still plainer. It would at least, we think, be equally plain. The party grants all his property, to-wit, what he specifies and describes.

This conclusion is strengthened in this case by the fact that the assignment is not witnessed and acknowledged so as to entitle it to record as a conveyance of realty. No doubt the title might pass without these ceremonies; but it could not be fully protected; and it is so much a matter of course that conveyances of lands should be put in proper form for record, that in any doubtful case the omission to do this is entitled to weight. No single clause in such an instrument may be conclusive; we must judge of its intent as a whole. *Nye v. Van Husan*, 6 Mich., 329. At best the granting part of the instrument leaves us in doubt regarding

any purpose to convey lands, and other parts do not remove the doubt, but strengthen and confirm it.

The judgment is reversed and judgment rendered for the defendant for the value of the goods as appearing by the record, with interest and costs of all the courts.

The other Justices concurred.