John T. R. Brown v. Peter Vandermeulen, Mary A. Vandermeulen, Robert H. Brown et al.

*Judgment creditor's bill—Transfer of property to wife—Costs on separate appeal—Disposition of claims of third parties.*

Where a judgment creditor's bill is filed to set aside voluntary conveyances made by a man to his wife long before he became indebted to complainant, the latter must show that they were made with intent to defraud either existing or subsequent creditors.

Where a man, while solvent, makes provision for his wife that is not extravagant in view of existing circumstances, and does so in good faith and not in anticipation of reverses, it cannot be set aside on a bill in aid of execution for a debt incurred afterwards.

Where a judgment creditor's bill to set aside a conveyance to a wife impleads as defendant a person holding securities belonging to her but sought by complainant, and he takes a separate appeal from a decree in her favor, costs on affirmance as against him are allowed to the wife.

On an appeal from a decree dismissing a judgment creditor's bill, the Supreme Court can determine the claims of a person impleaded as

holding securities belonging to a principal defendant, but claiming them in complainant's interest and against the owner's will and with no lien upon them.

Appeal from Wayne. Submitted October 28. Decided November 9.

JUDGMENT CREDITOR'S BILL. Dismissal affirmed.

*Charles F. Burton* and *Alfred Russell* for complainant. Transfers fraudulent as to existing creditors are so as to subsequent ones: *Herschfeldt v. George* 6 Mich. 463; *Trimble v. Turner* 21 Miss. 348; *McConihe v. Sawyer* 12 N. H. 396; *Smyth v. Carlisle* 16 N. H. 464: 17 N. H. 417; *Wadsworth v. Havens* 3 Wend. 411; *Hester v. Wilkinson* 6 Humph. 215; *King v. Wilcox* 11 Paige 589; *Clark v. French* 23 Me. 221; *Reade v. Livingston* 3 Johns. Ch. 481.

*Willard M. Lillibridge, John R. Webster* and *Charles I. Walker* for defendants. A conveyance may be void as to existing creditors without actual intent to defraud, as where a debtor conveys all of his property or so much as to impair his ability to pay his debts: *Fellows v. Smith* 40 Mich. 689; *Cutter v. Griswold* Walk. Ch. 638; *Parish v. Murphree* 13 How. 98; the doctrine that if a party is indebted at the time of a voluntary settlement, it is presumed fraudulent as to such debt, and no circumstances will permit it to be affected by the settlement or repel the presumption of fraud (*Reade v. Livingston* 3 Johns. Ch. 500; *Jackson v. Seward* 5 Cow. 67; *Wood v. Savage* 2 Doug. (Mich.) 325) was afterwards overruled: *Seward v. Jackson* 8 Cow. 434: 6 Paige 65: 18 Wend. 375; *Babcock v. Eckler* 24 N. Y. 162; *Dygert v. Remerschnider* 32 N. Y. 636; *Holden v. Burnham* 63 N. Y. 76; *Pomeroy v. Bailey* 43 N. H. 118; *French v. Holmes* 67 Me. 186; 1 Story's Eq., § 357; and the overwhelming weight of authority is that a voluntary conveyance by a person indebted at the time, but who is neither embarrassed nor insolvent, and who reserves ample means to pay his debts, is not void as against existing creditors: 1 Story's Eq.

365; *Cook v. Hopper* 23 Mich. 517; *Smith v. Vodges* 92 U. S. 183; *Salmon v. Bennett* 1 Conn. 525; *Thacher v. Phinney* 7 Allen 150; *Winchester v. Charter* 12 Allen 606; *Pratt v. Curtis* 2 Lowell 87; *Pomeroy v. Bailey* 43 N. H. 118; *Hook v. Mowre* 17 Iowa 201; *Haston v. Castner* 29 N. J. Eq. 536; *Gale v. Williamson* 8 M. &. W. 405; *French v. Pope* L. R. 5 Ch. App. 520; *Kent v. Rilly* L. R. 14 Eq. Cas. 196; a voluntary conveyance is valid as to later creditors unless made with an actual intent to defraud existing or future creditors: 1 Story's Eq. §§ 356, 361–2; 1 Am. L. Cas. 40; *Burr v. Veeder* 3 Wend. 412; *Lockhard v. Beckley* 10 W. Va. 87, 106; *Rose v. Brown* 11 W. Va. 122, 136; *McConihe v. Sawyer* 12 N. H. 397, 402; *Dart v. Stewart* 17 Ind. 221; *Hook v. Mowre* 17 Iowa 195; *Sexton v. Wheaton* 8 Wheat. 242; *Hindes v. Longworth* 11 Wheat. 199; *Ridgeway v. Underwood* 4 Wash. C. C. 137.

COOLEY, J. This is a judgment creditor's bill. The object is to set aside certain conveyances made by Peter Vandermeulen, one of the judgment debtors, to or for the use of Mary A. Vandermeulen, his wife. The fact of the conveyances and that they were voluntary is admitted, but they were made some years before complainant became a creditor, and it therefore became a necessary part of his case that he should show the conveyances were made with intent to defraud either existing or subsequent creditors. *Herschfeldt v. George* 6 Mich. 456; *Keeler v. Ullrich* 32 Mich. 88. In his attempt to make such proof the complainant has signally failed. The evidence abundantly shows that Vandermeulen was solvent when the transactions took place, and there is no good reason to infer from the surrounding circumstances that he then anticipated the calamity which afterwards visited him and which was precipitated, if not caused, by the fraud of a partner. The provision he made for his wife was not extravagant in view of his existing circumstances, and we do not doubt its having been made in good faith. The decree of the court of chancery will therefore be affirmed with costs.

An incidental question arises respecting certain allowances to be made against the defendant Mary A. Vandermeulen in favor of Robert H. Brown, a brother of the complainant, and who was made a defendant because of holding certain securities which the complainant sought to reach. We have only to say of this part of the case, as we have said of the other, that we think the decree actually rendered was substantially just. The defendant Brown having taken a separate appeal, the decree as to him will be affirmed with costs to the defendant Mary A. Vandermeulen.

The record is exceedingly voluminous, and as the questions are all questions of fact, a review of them in this opinion is not important. The defendant Brown does indeed question the right of the court to determine his claims in this suit, but the right is clear. He was holding in complainant's interest securities belonging to Mrs. Vandermeulen against her will and without any lien; and if any one could complain of the decree, it would be the owner of the securities. She, however, does not complain.

The other Justices concurred.