### Eugene Parsell v. William A. Patterson et al.

*Assignment for benefit of creditors—Good faith—Retention of property when encumbered to its full value.*

When a general assignment for the benefit of creditors is assailed as fraudulent in fact, and there is some evidence that a portion of the assets was not delivered over to the assignee, it is competent, in support of the assignment, to show that the assignee was not aware anything was retained, and acted himself in entire good faith.

An assignment is not necessarily to be held fraudulent and void because some small portion of the assets was withheld from the assignee. If the assignment is legal on its face and the assignee is acting in good faith, he may by proper remedies pursue and recover anything wrongfully retained from him.

When, in opposition to an assignment, it is shown that one of the assignors did not deliver to the assignee possession of a house and lot to which he had title, it is competent for the assignee to show, on the other hand, that the property was encumbered to its full value.

*Flanigan v. Lampman* 12 Mich. 56, and *Farrington v. Sexton* 43 Mich. 454, commented on and explained.

Error to Genesee.   Submitted Jan. 12.   Decided Jan. 18.

TROVER.   Plaintiff brings error.   Affirmed.

*LeRoy Parker* and *Griffin, Dickinson, Thurber & Hosmer* for plaintiff in error.   Withholding property on making a general assignment for the benefit of creditors, is a fraud on them: Burrill on Assignments § 198; *Smith v. Mitchell* 12 Mich. 180; *Price v. Haynes* 37 Mich. 489; *Hubbard v. McNaughton* 43 Mich. 220.

*Augustus C. Baldwin* for defendants in error.

COOLEY, J.   This action is trover for a small stock of goods which the plaintiff, who was sheriff of the county of Genessee, had seized upon attachment against the goods and chattels of a co-partnership known as Davis & Viger, but which the defendant Patterson had taken from the plaintiff's possession and sold to the other defendants.   Patterson claimed the goods under a general assignment made by Davis & Viger, bearing date September 5, 1876, and purporting to transfer all their property to Patterson as trustee for all their creditors.   Patterson immediately took possession under the assignment, and the attachments were levied two days later.

No fault is found with the terms of the assignment: it purports to devote all the partnership property unconditionally to the payment of the partnership debts.   But the plaintiff claimed that the assignment was fraudulent in fact, and some evidence was adduced tending to show that one of the partners at a time substantially contemporaneous with the assignment, withdrew some of the assets of the firm for his private purposes.   Also that one of the assignors had a house and lot which was never turned over to the assignee. As bearing on the question of good faith in the assignment the defendants were permitted to show by the assignee that he was not aware that any of the assets of the firm were withheld from him, and also that the house and lot mentioned were encumbered, when the assignment was made, for all it was worth.   The admission of this testimony was

objected to, but we think it was correctly received.   It was important to know whether the assignee had accepted the trust in good faith; and while that fact would not be conclusive if the assignors had made the assignment as a mere blind in their own interest, yet it might very properly have great weight if the other facts were not conclusive.   If the bulk of the property was turned over with the purpose to devote it to the payment of debts, and the assignee received it in good faith, intending to apply it honestly to the satisfaction of creditors, the fact that the assignors withheld some comparatively insignificant portion of the assets ought not to be conclusive against the trust.   The assignment covered the whole, and it is more consistent with equality and justice to all to sustain such a trust wherever it is possible, leaving the assignee to gather in the assets as he may be able, than to overthrow it and leave the assets to be squandered in the scramble of creditors.

Evidence that the house and lot had no value as assets was clearly proper.   There could have been no fraud in failing to gather in nominal assets which were worthless.

These views in effect cover the case.   There is nothing in the cases referred to by the plaintiff that is inconsistent with them.   In *Flanigan v. Lampman* 12 Mich. 58 some very general language is made use of which has been understood by the plaintiff to mean that any dishonest intent on the part of the assignors must necessarily defeat the trust; but this is an error.   Every case must stand upon its own facts, and where the assignment substantially fulfils its ostensible purpose it may well be supported though the assignors have failed to treat the assignee with entire frankness and fairness.   *Smith v. Mitchell* 12 Mich. 180, was a case in which the evidence tended to connect the assignee with the alleged dishonesty.   *Price v. Haynes* 37 Mich. 487, and *Hubbard v. McNaughton* 43 Mich. 220, were cases depending on the terms of the assignments.   *Farrington v. Sexton* 43 Mich. 454 was a case in which the assignment was attacked for the fraudulent withholding of property.   It was submitted in the court below on the facts, and the question in this court

was whether there was any evidence tending to show fraud. If there was any evidence that property was withheld that should have been delivered to the assignee, there was to that extent evidence of fraud; and the general language in the case was not intended to go further than to so decide.

We find no error in the record and the judgment must be affirmed with costs.

The other Justices concurred.