## STAMP *v.* STEELE.

1. DEEDS—VALIDITY—GRANTEE MUST BE NAMED.

    A deed wherein no grantee is named is void; it must distinguish the grantee from the rest of the world.

2. EJECTMENT—COURTS—EQUITY—TRIAL.

    In ejectment to recover land conveyed to plaintiff by voluntary deed, of which he was dispossessed by the purchaser from the executor of the grantor's estate, the court below was in error in holding that plaintiff could only enforce his rights in a court of equity.

3. DEEDS—CONSTRUCTION.

    A deed or other written instrument is to be construed so as to render it valid and effectual, rather than void.

4. SAME—VOLUNTARY DEED—VALIDITY.

    A grantee by voluntary deed has a good title as against the grantor and any subsequent grantee or mortgagee under him.

5. SAME—DESCRIPTION BY STREET NUMBER.

    A description by street number in a voluntary deed, *held,* sufficient.

6. SAME—VALIDITY—LACK OF SEAL—STATUTE.

    Under 3 Comp. Laws 1897, § 10417, in force when this deed was made, it was not invalid for want of a seal.

7. SAME—WORDS OF CONVEYANCE—"GIVE"—"GAVE."

    The word "give" or "gave" in a voluntary deed, *held*, sufficient to pass title.

8. SAME—SUFFICIENCY.

    A conveyance in the following words: "Gave to my brother, S. L. Stamp, property at 91 and 95 E. Webster Avenue, Muskegon, Michigan, with contents therein, for his own," properly signed, witnessed, and delivered, *held*, sufficient to pass title.

9. EJECTMENT—RIGHTS OF OWNER.

    The fact that after the death of grantor the property conveyed was included as assets of grantor's estate, and sold as such, was not controlling of the rights of plaintiff.

10. SAME—POSSESSION—NOTICE—BONA FIDE PURCHASER.

    Where plaintiff was in actual possession of the land conveyed to him, his possession was notice of his claim

thereto, and, purchasers under such circumstances, *held*, not *bona fide* purchasers.

11. DEEDS—ACKNOWLEDGMENT.
    Title may pass although the deed is not acknowledged.

12. SAME—INTENT OF GRANTOR—RIGHTS OF CREDITORS.
    Land may be conveyed by any words which manifest that purpose, and for any consideration the owner pleases, so that others having legal or equitable claims are not injured.

13. APPEAL AND ERROR—EJECTMENT—REVERSAL—NEW TRIAL.
    On reversal of a judgment for defendant in ejectment, the case being here upon writ of error, the Supreme Court cannot enter judgment for plaintiff, but must send the case back for a new trial.

Error to Muskegon; Vanderwerp (John), J. Submitted January 9, 1920. (Docket No. 50.) Decided February 27, 1920.

Ejectment by Sidney L. Stamp against Frank N. Steele and others. Judgment for defendants. Plaintiff brings error. Reversed.

*F. E. Wetmore,* for appellant.

*Cross, Foote & Sessions,* for appellees.

STONE, J. This is an action of ejectment to recover possession of lot three and the west half of lot two, of block 185 of the revised map of the city of Muskegon, which the plaintiff claims in fee. It is alleged that while the plaintiff was possessed of said lands, the defendants, Steele and Heethius, on October 1, 1917, unlawfully entered into possession thereof. The case was tried by the court without a jury.

The plaintiff claims the ownership of said premises, under and by virtue of an instrument in writing made by his sister, Alice Stamp, now deceased, which instrument is in the words and figures following:

"June 30, 1909.
"Gave to my brother, S. L. Stamp, property at 91

and 95 E. Webster avenue, Muskegon, Michigan, with contents therein, for his own.

(Signed) "ALICE STAMP.

"Witnessed:
"DELLA CLIFF,
"CHAS. MATHER."

The principal and meritorious question in the case is as to the validity of this instrument to pass the title to the plaintiff. No question as to the rights of creditors is involved. The trial court made and filed findings of fact and conclusions of law in the case as follows:

"Findings of Fact.

"1. On, to wit, June 30, 1909, Alice Stamp, who is now deceased, was the owner of the property described in the declaration in this suit.

"2. On said date, the said Alice Stamp signed and delivered to plaintiff, a paper writing, in the words and figures following: (Here appears the copy of the instrument as above set forth.)

"That plaintiff claims title to said land by virtue of said paper writing.

"3. The will of said Alice Stamp, under the name of Alice Keene, was admitted to probate on to wit: September 1, 1914, and the property described in the declaration was included as assets of the estate in the inventory that was filed in said estate; that plaintiff made no claim in the probate court that he owned said property, but allowed this to be sold by the executor of the estate without making claim to the property in said court.

"4. On, to wit, March 8, 1916, the executor of the estate, under power of sale given in the will, conveyed said land by the ordinary executor's deed to Mrs. Orla Swanson, and on, to wit, October 24, 1917, Orla Swanson conveyed the land by quitclaim deed to the defendants in this case, and the defendants claim title to the land by virtue of these deeds.

"5. Said defendants took possession of this property, and have held possession of the same since October 24, 1917.

"Conclusions of Law.

"1. Said paper writing given to the plaintiff was not an executed conveyance. It amounts to no more than a statement of fact. It is a mere certificate that this woman had given certain property to the plaintiff, but it is lacking in many particulars as a conveyance of land. It contains no words of grant and is too indefinite to vest title to any real estate in the plaintiff. If the statute of frauds does not render it void, it would at most, only create an equity enforceable in a court of equity, and would not affect the legal title to the land described in the declaration, and would not be the basis for a claim of title in this ejectment suit.

"I am, therefore, of the opinion that a judgment should be entered in this cause, of no cause of action. Let judgment be entered accordingly."

Judgment was duly entered for the defendants. Elaborate exceptions were entered to the findings of fact and the conclusions of law, and amendments were proposed to the findings, which were refused, and exceptions duly filed. The plaintiff has brought error, and all of the questions discussed have been duly raised.

In this court it is claimed by the defendants that a case involving a writing similar to that in the instant case is that of *First National Bank* v. *Phillpotts*, 155 Mich. 331, and counsel rely largely on that case for an affirmance of the judgment here. In that case a bill was filed for the partition of real estate. The complainant had secured a judgment against Richard Phillpotts and others and had caused a levy to be made on the interests of Richard Phillpotts in the land. His interest was an undivided one-half, unless the writing hereinafter set forth conveyed this interest. On sheriff's sale this undivided half interest was sold to complainant. In the partition suit the defendant made claim that, at the time of the levy, Richard Phillpotts had no interest in the land, but that he had conveyed

it to his father.   The only written evidence of this alleged agreement read as follows:

"PINCONNING, April 5, 1904.
"This is to certify that I have sold all my claim and heirship on my father's property, owned by him in the township of Pinconning, county of Bay, for the sum of ($2,000) two thousand dollars.
"RICHARD PHILLPOTTS."

The trial court sustained the agreement, and held that it barred Richard Phillpotts from participating in his father's estate; but this court held that the trial court was in error.   Justice MONTGOMERY, speaking for the court, said:

"The instrument referred to, and quoted above, was clearly not an executed conveyance.   Indeed in form it is not a contract at all, but a statement of fact.   It is a certificate of what Richard Phillpotts had done. But it is wanting in many particulars as a grant or conveyance of land.   It contains no words of grant; and, while on its face it relates to real estate, it describes no property and designates no grantee.   Taking the most favorable view to the defendant, the most that can be said is that this instrument, supplemented by parol testimony, shows an incomplete inchoate agreement, and if the statute of frauds does not render it wholly void, it at most would create an equity enforceable in a court of equity, and would not affect the legal title to the estate, which vested in Richard Phillpotts at the death of his father.   The duty is, therefore, cast upon the defendant to invoke the aid of a court of equity, rather than upon the present complainant, as appears to have been assumed in the court below."

A reference to the "conclusions of law," in the instant case shows that the trial court based its decision upon the *Phillpotts Case*.   We think that the cases can be readily distinguished.

It will be observed that in the *Phillpotts Case* no grantee was named.   This has been held fatal.   The

209—Mich.—14.

deed must distinguish the grantee from the rest of the world. *Newton* v. *McKay*, 29 Mich. 1; *Barras* v. *Barras*, 191 Mich. 473, and cases there cited; 13 Cyc. p. 538.

The instrument in the *Phillpotts Case* was, for this reason, void under the statute of frauds. That case was really disposed of upon the ground that the instrument was an unrecorded paper attempting to hold title against an execution creditor, which could not have been done even though the instrument had been a warranty deed.

We think the trial court was in error in holding that plaintiff could only enforce his rights in a court of equity. The plaintiff was out of possession and the defendants were in possession. See 3 Comp. Laws 1915, § 12302; *Tuthill* v. *Katz*, 163 Mich. 618, and cases cited.

In *Anderson* v. *Baughman*, 7 Mich. 69 (74 Am. Dec. 699), it was held that a deed or other written instrument is to be construed so as to render it valid and effectual, rather than void. This rule was approved in *Morse* v. *Hewett*, 28 Mich. 481.

It has been held by this court that a grantee by a voluntary deed has a good title as against the grantor, and any subsequent grantee or mortgagee under him. *Page* v. *Kendrick*, 10 Mich. 300; *Keeler* v. *Ullrich*, 32 Mich. 88; *Warren* v. *Tobey*, 32 Mich. 45; *Wallace* v. *Harris*, 32 Mich. 380; *Gale* v. *Gould*, 40 Mich. 515.

In support of the plaintiff's claim that the instrument was sufficient to convey the fee in the property described the following cases are cited: *Mull* v. *Smith*, 132 Mich. 618; *Huron Land Co.* v. *Robarge*, 128 Mich. 686; *Austin* v. *Dolbee*, 101 Mich. 292.

Upon the trial it appears to have been conceded that the property described in the instrument as "property at 91 and 95 E. Webster Avenue," is the same property as that described in the declaration. That a de-

scription by street number is sufficient see *Kuschinsky* v. *Flanigan,* 170 Mich. 245 (41 L. R. A. [N. S.] 430, Ann. Cas. 1914A, 1228) ; *Nowicki* v. *Kopelczak,* 195 Mich. 678; *Meredith* v. *McCormick,* 208 Mich. 563.

The statute in force when this instrument was made (3 Comp. Laws 1897, § 10417) provided that—

"no bond, deed of conveyance, or other contract in writing signed by any party, his agent or attorney, shall be deemed invalid for want of a seal, or scroll affixed thereto by such party."

That the word "give" or "gave" in a voluntary deed is sufficient to pass title in fee see *Pierson* v. *Armstrong,* 1 Iowa, 282. This is a well considered case, and is clearly in point here. The court there said:

"The statement of the conveyance in the past and present tenses 'has given' and 'does give,' etc., is an insult to common sense; either tense is sufficient."

Speaking of the words "have given and granted," the court there said:

"Let us drop this word 'grant' then, as carrying only the incorporeal qualities of the estate, and take up the word 'give.' This at common law passed an inheritance, a fee, although it was appropriate to a fee tail. * * * But counsel mistake in thinking that the word, 'give' was not at common law, a sufficiently effective word, when not limited to an estate tail."

The undisputed evidence in the instant case shows, and the trial court found as a fact, that on the date named Alice Stamp signed and delivered to plaintiff the instrument in question. The subscribing witness, Charles Mather, testified, and his testimony was undisputed, as follows:

"*Q.* Did you see Alice Stamp write out and sign this paper?
"*A.* Yes, sir.
"*Q.* After she wrote this paper, and tore it out of the book, what did she do with it?

"*A.* She handed it to S. L. Stamp, plaintiff in this case, and said,' 'Now you and Nellie have got a home.'

"*Q.* Had you heard any talk prior to that time between Alice Stamp and your sister, or between Alice Stamp and S. L. Stamp, about her giving him these houses and lots on East Webster avenue?

"*A.* Yes, sir, I heard her say that if he and Nellie would stay there with her, that she would give him this property. * * *

"*Q.* After the making of this paper, Exhibit 1, did you ever have any talk with Alice Stamp in regard to it?

"*A.* Yes, sir.

"*Q.* What did she tell you?

"*A.* She said that she had given them this property, so that they would have a home and something to take care of themselves with."

After the delivery of this instrument the plaintiff and his family went into the possession of this property, and until after the death of Alice Stamp his title thereto was never questioned.

The fact that after the death of Alice Stamp this property was included as assets of her estate, and sold as such, was not controlling of the rights of the plaintiff. He was exercising his rights in the property, and was not called upon to follow the action of the probate court, even if he knew of such action, which does not appear by this record. The question whether the plaintiff's testimony as to matters equally within the knowledge of Alice Stamp, deceased, was admissible is not before us. But eliminating all such testimony, there was sufficient evidence to sustain the plaintiff's claim.

The defendants are not *bona fide* purchasers. The plaintiff was in actual possession and occupancy of the premises, and had been, according to the testimony of defendant Heethius (the only defendant sworn), for about two months before they bought the property. He testified as follows:

"*Q.* Then before you had the deed at all you knew that they were living there, didn't you?

"*A.* They were living in the rear there, yes, sir.

"*Q.* You knew that for some time before you bought this property, didn't you?

"*A.* Yes, about a month or two.

"*Q.* At least two months before you bought the property you knew they were living in there, didn't you?

"*A.* Yes."

The case is thus brought squarely within the general rule that actual possession of realty is notice to a purchaser of a claim thereto. *McKee* v. *Wilcox,* 11 Mich. 358; *Disbrow* v. *Jones,* Harr. Ch. 48; *Woodward* v. *Clark,* 15 Mich. 104; *Russell* v. *Sweezey,* 22 Mich. 235; *Matteson* v. *Vaughn,* 38 Mich. 373; *Rood* v. *Chapin,* Walk. Ch. 79; *Godfroy* v. *Disbrow,* Walk. Ch. 260.

Under the evidence, we are of the opinion that the written instrument was a deed of the fee of the premises described in the declaration. Inaccuracy of language should not be allowed to defeat the manifest intent of the parties. 13 Cyc. p. 606.

Title may pass without acknowledgment. *Price* v. *Haynes,* 37 Mich. 487; *Fulton* v. *Priddy,* 123 Mich. 298.

Alice Stamp was on June 30, 1909, the owner of these premises. She had the right to do with the property what she pleased; not only to sell it, but to give it away. Land may be conveyed by any words which manifest that purpose, and for any consideration the owner pleases, so that others having legal or equitable claims are not injured. No creditors are here complaining. The intent of the grantor is clear. In our opinion the trial court erred in its conclusions of law, and in entering a judgment for the defendants.

The plaintiff asks that we enter a judgment for him here. The case being here upon writ of error, we can-

not do that, but must send the case back for a new trial.

The judgment of the circuit court is reversed. and a new trial granted, with costs to plaintiff.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, CLARK, BIRD, and SHARPE, JJ.. concurred.