### HUTCHINSON v. HATTENDORF.

WILLS—LOST WILL—CARBON COPY—COMPROMISE AGREEMENT BIND-
ING ON FINDING OF WILL.

Where the widow and daughter of deceased agreed that a carbon copy of a lost will should be offered for probate as the last will and testament of deceased, and, if allowed, that the estate should be divided equally between them, the widow, in consideration thereof, withdrawing her opposition to the probate and allowance of said copy, said agreement was binding upon them, although the lost will was subsequently found, since it had the same force and effect as the carbon copy.

Appeal from Calhoun; North (Walter H.), J. Submitted October 26, 1921. (Docket No. 45.) Decided December 21, 1921.

Bill by Hattie Hutchinson against Edith Hattendorf and others for partition of certain property under an agreement regarding the probate of a will. From a decree for plaintiff, defendants Hattendorf appeal. Affirmed.

*James W. Powers (Joseph L. Hooper,* of counsel), for plaintiff.

*Howard W. Cavanagh,* for appellants.

SHARPE, J.   The plaintiff is the widow of Charles Hutchinson, who departed this life on February 6,. 1919.   They were married in 1903.   The defendant Edith Hattendorf and Florence Hall are children of the deceased by a former marriage.   By the terms of a will made in 1907, the deceased devised and bequeathed all his estate to the plaintiff.   On September 23, 1918, he went to the office of Mr. Cavanagh, an attorney in Battle Creek, and there executed another will, by which he bequeathed to his daughter Florence one dollar, to the plaintiff what she would receive "under and by virtue of the statutes of the State of Michigan," and the residue of his estate to his daughter Edith, one of the defendants.   The first will was found in his safe at his home on the farm, and soon after his death was taken by plaintiff and Edith to the probate office at Marshall and left there.   It afterwards became known that a later will had been made. Mr. Cavanagh informed the parties that he had kept a carbon copy of it.   This was filed with the judge of probate, together with a petition praying for its probate as a lost will.   Pending the hearing on said petition, plaintiff announced her intention to contest the allowance of the will on the ground of the mental incompetency of the testator and undue influence securing its execution.   Negotiations were then had between the plaintiff and the defendants Edith and Edgar and their attorneys which resulted, on March 24, 1919, in a settlement, afterwards reduced to writing.   After reciting the facts relative to the making and loss of the last will and the fact that plaintiff proposed to contest its allowance, and that the plaintiff and Edith and Edgar—

"desire to make settlement and compromise of their respective claims to said estate   *   *   *   and to settle and compromise all disputes and differences that have arisen, or that may hereafter arise between them in regard to the administration, settlement and distribution of the said estate,"

—it was agreed between them that in consideration that the plaintiff—

"withdraw her opposition to the probate and allowance of the said copy as the last will and testament of the said Charles Hutchinson, deceased, and that she refrain from contesting the same in said probate court, or any other court to which an appeal may be taken, and if said copy is allowed, as the last will and testament of said Charles Hutchinson, deceased, said estate, including real, personal and mixed, belonging to said Charles Hutchinson at the time of his decease, be distributed"

—in a manner agreed upon, by which they would each receive substantially one-half of the estate. The 9th paragraph reads as follows:

"In case said copy is not probated and allowed as the last will and testament of the said Charles Hutchinson, deceased, and if the same is disallowed, then this agreement shall be void and of no effect."

The day after this agreement was executed, the plaintiff and Edith and their attorneys, pursuant to arrangement, went to the farm and made further search for the original will but were unable to find it. On April 26, 1919, Florence Hall, by her attorney, Mr. Onen, filed objections to the allowance of the will. The proceeding was adjourned in order that the testimony of a subscribing witness, who resided without the State, might be taken, and, pending such adjournment, the lost will was found, deposited in court, and an order allowing it duly made on May 27, 1919. Notice of appeal to the circuit court was given on be-

half of Florence Hall.  A settlement was finally made
with her by the payment of $300.   This money was
paid by plaintiff, the defendant Edith refusing to have
anything to do with the settlement.   It does not ap-
pear that she gave any reason therefor other than her
unwillingness to pay her sister more than the one
dollar bequeathed to her.   Florence executed a quit-
claim and release of her interest in the estate to plain-
tiff, whereupon the appeal was dismissed.

The defendant Gubbins had been appointed special
administrator and later administrator with the will
annexed.   The defendant bank held title to the farm
to secure a loan made to the deceased.   The decree
allowed each of them costs as against the plaintiff.

The facts as stated do not appear to be in dispute.
The plaintiff in her bill of complaint prays that the
rights of the bank be determined, that her right to
an undivided one-half of the estate be decreed, that
division and partition be made or, if not practical to
do so, a sale be had and the proceeds, after deduct-
ing the costs and expenses, be divided equally between
the plaintiff and the defendant Edith.

The defendants Edith and Edgar, her husband, an-
swering, admit most of the allegations of the bill, but
assert that the rights of the plaintiff under the agree-
ment were made dependent upon the carbon copy of
the lost will being admitted to probate, and insist that,
when the original was found, the settlement agree-
ment became a nullity.   By way of cross-bill they
pray that it be canceled and held for naught.

The decree determined the amount due the bank,
that its interest was that of a mortgagee only, found
a sufficient consideration for the settlement agreement,
held it binding on the parties thereto, and that under
it each became owner of an undivided one-half in-
terest in the estate as finally settled, but, as the pro-

bate court had yet jurisdiction, declined to order partition; but without prejudice to any further application therefor. The defendants Edith and Edgar appeal.

It is their claim that the settlement agreement should be construed as applicable to the rights of the parties at the time the probate of the carbon copy of the will was pending and that, when the original will was produced and admitted to probate, the agreement became a nullity. This claim is based on the 9th paragraph, heretofore quoted, and on the fact that in order to establish the copy as the will of the testator the proponents must do more than prove the will, they must rebut the presumption that it was destroyed by the testator.

At the time of the settlement, the burden was on Edith to establish the fact that the copy produced was in fact a copy of a will duly executed by the testator. She must also overcome the presumption of its destruction. The burden was on plaintiff, under her claim of contest, to establish the fact of undue influence or mental incapacity. If the will was allowed, Edith would take all the estate except the one dollar bequeathed to Florence and that allowed plaintiff as widow by the statute. If disallowed, the plaintiff, if able to procure the allowance of the former will, would take the entire estate. With these conditions present, the settlement agreement was entered into.

We feel constrained to hold, after a careful reading of the record and giving due consideration to the argument of counsel, that the agreement should be construed as a settlement in the event that the will drawn by Mr. Cavanagh should be admitted to probate, either by establishing the carbon copy or proving the original if afterwards found.

Counsel insist that the 9th paragraph was prepared by plaintiff's counsel and inserted at his special re-

quest and that its only apparent purpose must have
been to provide that the agreement should be void
unless the copy and not the original was allowed.    We
cannot so conclude.    The subject-matter of settle-
ment was a division of the estate in case the plaintiff
withdrew her contest and the copy was admitted to
probate.   It was not in the mind of either party that
the original would subsequently be found.    But, when
found, it had but the same force and effect of the copy.
The only changed condition resulting from its pro-
duction was that, in proving it, Edith was relieved
of rebutting the presumption of its destruction by the
testator.    The purpose of rules of construction rela-
tive to contracts is to enable the court to ascertain and
declare the probable intent of the parties in order that
such intention may be given effect.    It seems clear to
us that the parties intended by the settlement agree-
ment to compromise their rights in the estate, those
the defendants would have had if the will prepared
by Mr. Cavanagh was allowed, and those the plaintiff
would have had in case of its disallowance and her
ability to secure the allowance of the former will.

If the language may be said to be ambiguous, we
think the conclusion we have reached is in accord with
the construction placed on it by the parties themselves.
The plaintiff, after the production of the original will,
expended a considerable sum in procuring the attend-
ance of the witnesses to the will and in securing the
withdrawal of the appeal of the daughter Florence.
The payment for witnesses was made with the full
knowledge and assent of Edith.    It also appears that
the first repudiation of the agreement by her was but
a few days before the bill in this cause was filed, more
than a year after the will was allowed.    In the mean-
time, the plaintiff had, pursuant to the terms of the
agreement, petitioned for and been allowed her wear-
ing apparel, the household furniture and a weekly

allowance. A copy of the agreement was annexed to this petition.

The decree is affirmed, with costs to plaintiff against the appealing defendants.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.