SCHOLTEN *v.* SCHOLTEN.

1. HUSBAND AND WIFE — ESTATES BY ENTIRETIES MAY NOT BE CREATED IN PERSONALTY—SURVIVORSHIP MAY BE CREATED BY EXPRESS ACT OF PARTIES.

Although an estate by the entireties in personal property may not be created, the right of survivorship in personalty may be created by the express act of the parties.

¹Husband and Wife, 30 C. J. § 107; 22 L. R. A. 594; 30 L. R. A. 318; 8 A. L. R. 1022; 13 R. C. L. 1105; 3 R. C. L. Supp. 121; 5 R. C. L. Supp. 726; 6 R. C. L. Supp. 779.

2. SAME — NOTE AND MORTGAGE — CONSTRUCTION SHOULD GIVE
EFFECT TO INTENT TO PASS TITLE TO SURVIVOR.

Where a note and mortgage were made payable to hus-
band and wife "by entireties," they should be construed
to give effect to the clear intent of the parties that title
pass to the survivor.

3. JUDGMENT—RES ADJUDICATA—ORDERS OF PROBATE COURT NOT
BINDING UNLESS STATUTE COMPLIED WITH.

Although orders of probate courts disposing of estates
have the force and effect of judgments in courts of record
and are *res adjudicata* of the matters therein disposed of,
probate proceedings are statutory, and the court, or judge
thereof, has no power or authority except that conferred
by the statute, and therefore the orders of the court are
not binding on interested persons unless the statute has
been complied with.

4. EXECUTORS AND ADMINISTRATORS—NOTICE OF HEARING ON ALLOW-
ANCE OF FINAL ACCOUNT MAY BE WAIVED.

Notice of the time and place of hearing on the allowance
of an executor's final account, required by section 9, chap.
52, Act No. 170, Pub. Acts 1919, to be given by personal
service of a copy of the notice or publication thereof,
may be waived.

5. SAME — JUDGMENT — ORDER OF PROBATE COURT NOT BINDING
WHERE NOTICE WAS NOT GIVEN OR WAIVED.

Where notice of the time and place of hearing on the
allowance of the final account of the executors of her
husband's estate was not made on the widow either per-
sonally or by publication, as required by the statute, and
was not waived by her, the order of the probate judge
allowing said account and authorizing distribution of the
assets of the estate was not *res adjudicata* as to her right
to a note and mortgage listed and disposed of as an asset
of the estate, title to which she claimed by right of
survivorship.

6. SAME—ESTOPPEL—WIDOW NOT ESTOPPED TO CLAIM MORTGAGE
BY ACCEPTING PAYMENTS FROM HUSBAND'S ESTATE.

Acceptance by the widow of money paid to her under the
order of the probate court allowing the final account of
the executors of her husband's estate did not estop her

---

²Husband and Wife, 30 C. J. § 107 (Anno); ³Courts, 15 C. J.
§§ 426, 429; Judgments, 34 C. J. §§ 1286, 1310; ⁴Executors and
Administrators, 24 C. J. § 2347; ⁵Id., 24 C. J. §§ 2343, 2482,
2483; ⁶Id., 24 C. J. § 2483.

from attacking the validity of the order because of failure to give the statutory notice of the hearing thereon, where, under the terms of the will, she was entitled to possession of all of the estate of which her husband died seized as long as she remained his widow.

7. EQUITY—LACHES.

Although a widow made no claim to a note and mortgage, treated in an order of the probate court as an asset of her husband's estate, during the two years she survived him, it may not be said that she was thereby guilty of laches, where she was not chargeable with notice of said order, the note and mortgage were kept in a box in the bank with her other papers, of which her sons, executors of her husband's estate, also had keys, it does not appear that her right as owner thereof was ever discussed, and the only reference to it is in her will, made two days before her death, in which she bequeathed it as "money owing to me on mortgage."

Appeal from Kent; Brown (William B.), J.   Submitted January 14, 1927.   (Docket No. 95.)   Decided June 6, 1927.

Bill by Catherine Scholten, executrix of the last will of Ellen Scholten, deceased, against Jacob Scholten and others to establish the ownership of a note and mortgage, and for an injunction.   From a decree for plaintiff, defendants appeal.   Affirmed.

*Linsey, Shivel & Phelps,* for plaintiff.

*Jewell, Face & Messinger,* for defendants.

SHARPE, C. J.   The defendants Shoemaker executed a note secured by real estate mortgage on lands in Ottawa county to "Jacob J. Scholtens and Ellen Scholtens, his wife, by entireties" on February 14, 1917.   On May 21, 1922, Jacob J. Scholten died testate.   In his will he devised the use of all of his property to his wife as long as she remained un-

---

'Equity, 21 C. J. § 242.

married, with remainder over to his children, and in the event of her marriage he directed that his property should be converted into cash and that his widow should receive $1,500, and the balance should be divided equally among his children. He named his two sons, Herman and Anthony, as executors. On their petition the will was duly admitted to probate, notice of the hearing thereof having been waived by the widow and all the heirs. The inventory listed the security as "1 Mortgage, Liber No. 118, Page 115, 1,600," and other personal property, amounting in all to $2,184. It also included the home farm, valued at $7,000. On December 21, 1922, the executors filed their final account. It showed undisposed of personalty amounting to $2,077.35. This included the mortgage in question. The petition for its allowance also prayed for the assignment of the residue. A waiver of the notice of hearing was signed by all the heirs except the widow. An order was made allowing the account, and another order assigning the residue "to and among the persons entitled thereto." Both of these orders were made on the day the account was filed. Both recited that due notice of the hearing had been given as directed by the court. The widow signed a receipt bearing the same date, reading as follows:

"Received of Herman Scholtens and Anthony Scholtens eight hundred dollars ($800) from sale of personal property of Jacob Scholtens' estate."

On the filing of this receipt, an order was entered discharging the executors, and soon thereafter a certificate of enrollment was attached to the papers on file in the office.

Ellen Scholten, the widow, died on May 19, 1924, leaving a last will and testament, executed two days before her death, in which she bequeathed to her daughter Catherine all the personal property of which

she should die possessed, and named her as the executrix thereof. This will was duly admitted to probate. The plaintiff then made demand on her brother Herman, who had possession of the note and mortgage, for its delivery to her, and, on his refusal, filed the bill of complaint herein. In it she sets forth the execution of the mortgage, alleges that the title thereto passed to her mother by survivorship on the death of her father, and prays that Herman and his brother be enjoined from disposing of them and that they be ordered to deliver them to her. The other heirs and the mortgagors were made parties. The heirs answered, denying that the widow took title as survivor, averring that the orders of the probate court allowing the final account and assigning the residue are *res adjudicata* of the rights of the widow and heirs in the note and mortgage, and also asserting that the widow during her lifetime was, and the plaintiff now is, estopped from making claim thereto. The trial court granted plaintiff the relief prayed for her in her bill. The defendants, who are heirs, appeal from the decree entered.

1. Survivorship. In *Lober* v. *Dorgan,* 215 Mich. 62, it was held that the right of survivorship in personalty may be created by the express act of the parties. Both the note and mortgage in question were made payable to "Jacob J. Scholtens and Ellen Scholtens, his wife, by entireties." Such an estate may not be created in personal property. These words, however, are clearly indicative of an intent on the part of both to provide that the title should pass to the survivor. The note and mortgage were prepared by a man unfamiliar with the legal effect of the language used. It cannot be doubted that he intended to provide that the survivor should take, and that, in his effort to do so, he was but following the instructions of the husband and wife, for whom he was then acting.

In *Thayer* v. *McGee,* 20 Mich. 195, 207, Mr. Justice CHRISTIANCY, in holding that "Courts are liberal in construing deeds so as to give them effect," quoted approvingly from *Osman* v. *Sheaf,* 3 Lev. 370, as follows:

"For in these later times the judges have gone farther than formerly, and have had more consideration for the substance, to wit: the passing of the estate according to the intention of the parties, than the shadow, to wit: the manner of passing it."

In *Maclean* v. *Fitzsimons,* 80 Mich. 336, 343, it was said:

"It is also true that what is plainly implied from the language used in a written instrument is as much a part thereof as if it was expressed therein."

Some of the later cases, holding that the contract should be construed so as to effectuate the intent of the parties when it was made, are: *Whitman* v. *Whitman,* 207 Mich. 337, 348; *National Bldg. Supply Co.* v. *Spencer,* 211 Mich. 228, 237; *Hutchinson* v. *Hattendorf,* 216 Mich. 638. In our opinion, the title to the note and mortgage passed to the wife on the death of her husband.

2. Res Adjudicata. The note and mortgage in question were listed in the inventory of the estate and thereafter treated as a part thereof. In *Thompson* v. *Thompson,* 229 Mich. 526, it was said:

"When the order was made admitting the will to probate, the entire estate, whether disposed of by the will or not, became subject to the administration proceedings provided for in the statute,"—

and it was held that the order assigning the residue, even if not made "in accordance with the correct construction of the will or of applicable statutes," was "binding and conclusive on all persons interested, *if the notice of hearing required by the statute has been*

*given."* The effect of the decision in that case, and in *Chapin.* v. *Chapin,* 229 Mich. 515, both of which but followed the holding in other cases decided by this court, therein cited, was to emphasize the fact that a probate court is one of general jurisdiction in testamentary and other probate matters, and that its decisions, as evidenced by its orders made, are an expression of its judgment as to all matters properly included or necessarily involved in the administration of the estate and are binding upon all parties whose interest in the estate, in effect, make them parties to the proceeding. As was said in the *Chapin Case,* such orders—

"have the force and effect of judgments in courts of record and are *res adjudicata* of the matters therein disposed of."

Probate proceedings are statutory. The court, or judge thereof, has no power or authority except that conferred by the statute. Section 14116, 3 Comp. Laws 1915, provides:

"Before the administration account of any executor or administrator shall be allowed, notice shall be given to all persons interested, of the time and place of examining and allowing the same, as provided in section nine of chapter fifty-two of this act."

Section 9, therein referred to, provides for personal service of a copy of the notice or publication thereof. Notice may, however, be waived. Act No. 170, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 13781 [1, 2]). As before stated, there was no publication or personal service on the widow, nor any waiver of such notice on her part. While, as was said in the *Chapin Case,* "there are no parties litigant as in the ordinary proceedings in the circuit court," the provision as to notice clearly evidences a purpose to permit all who are interested in the final account to be present at such hear-

ing. The order assigning residue follows the allowance of the account. By it, and it alone, the court is informed as to the residue. The amount of it, if not its character, depends upon the receipts and disbursements in the account as allowed.

The cases relied on by counsel for defendants— *Knapp* v. *Knapp,* 95 Mich. 474; *Burgess* v. *Stribling,* 134 Mich. 33; *Parkinson* v. *Parkinson,* 139 Mich. 530; *Calhoun* v. *Cracknell,* 202 Mich. 430; *Tipson* v. *Jeannot,* 204 Mich. 403,— *Chapin* v. *Chapin, supra; Thompson* v. *Thompson, supra,* go far to sustain their claim that, when this mortgage was listed as an asset of the estate, the probate court had jurisdiction to determine the rights of the widow and heirs as to its ownership. Had notice of the hearing of the final account been given to the widow, or waived by her, a different question would be presented.

Counsel for the plaintiff rely on the decision in *Stamp* v. *Steele,* 209 Mich. 205. An examination of the record in that case, and in *Re Keene's Estate,* 189 Mich. 97 (Ann. Cas. 1918E, 367), and in *Stamp* v. *Banninga,* 221 Mich. 268, discloses the fact that Stamp petitioned for the probate of the will of his sister, Alice Stamp. He was one of her heirs at law. A will was afterwards discovered. In the proceedings which followed its probate, certain real estate was listed as a part of the estate. On petition the court ordered it to be sold for the payment of debts. Stamp later produced a writing, signed by her, which he claimed conveyed the property to him. In *Stamp* v. *Steele, supra,* it was said:

"The fact that after the death of Alice Stamp this property was included as assets of her estate, and sold as such, was not controlling of the rights of the plaintiff. He was exercising his rights in the property, and was not called upon to follow the action of the probate court, even if he knew of such action, which does not appear by this record."

In *Stamp* v. *Banninga,* the plaintiff was permitted to recover for rents received by the administrator and retained as a part of the estate.

While an inference may be drawn from these decisions that a person interested in an estate may not be bound by the orders made therein, if the statutory requirements have been fully complied with, we are impressed that the court did not intend to overrule the holding in the cases cited as to the binding effect of probate orders on all persons interested in such estates when chargeable with either actual or constructive notice of the proceedings being taken therein. In our opinion, none of the cases cited are controlling. The lack of the notice required by the statute precludes a holding that the orders allowing the final account and assigning the residue are *res adjudicata* of the rights of the widow in the note and mortgage.

3. Estoppel. It is urged that the widow's acceptance of the money paid her after the account was allowed, as evidenced by her receipt, heretofore quoted, was a recognition by her that the estate had been closed and would have estopped her, and should estop plaintiff, from attacking the order made. Under the terms of the will, the widow was entitled to the possession of all the estate of which her husband died seized. The order of the probate court assigning the residue to the persons entitled thereto "according to law, and the last will and testament of said deceased" was an authorization to the executors to turn all such residue over to her. The executors paid to her the sum of $800. Even if the note and mortgage were not her separate estate, she was entitled to possession of them under the terms of the will. We think no inference can be drawn that she recognized any right of her children in the note and mortgage from the fact that she did not insist on this being done, or that she permitted Herman to collect for her the interest which

came due the next year. She certainly did nothing which would have estopped her from claiming ownership of the note and mortgage in her lifetime, had the question of her right thereto arisen.

4. Laches. Neither can it be said that she was guilty of laches in not asserting that right. She was not chargeable with notice of the contents of the order made. The note and mortgage were kept in a box in the bank with her other papers, of which her sons also had keys, and in which they kept their private papers. It does not appear that her right as owner was ever talked about or discussed. The only reference to it is in the will made by her on May 17th of the following year, wherein she bequeathed to the plaintiff any "money owing to me on mortgage." It does not appear that she had any other mortgage than that in question.

In our opinion the relief granted plaintiff was warranted.

The decree is affirmed, with costs to appellee against the appellants.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.